# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF GEORGIA

JUSTIN LASTER
    Plaintiff

                                       CIVIL ACTION

v.

                                       FILE NO. *1:10-cv-136(WLS)*

THE KRYSTAL COMPANY
(Olivia Roberts, Steve Brown)
    Defendants

October 5, 2010

FILED
U.S. DISTRICT COURT
MIDDLE GEORGIA
2010 OCT 5 PM 4 58
BCL
DEPUTY CLERK

Damages

Compensatory Damages

Fair Labor Standards Act Violations; Actions in Nature of Working Off The Clock and Unpaid Overtime and Wages; Liquidated Damages

**Complaint, petition, or declaration----For damages----Working Off The Clock Violations and Unpaid Overtime and Wages---Multiple Defendants**

COMPLAINT

Plaintiff, Justin Laster, alleges:

1. Plaintiff is now, and at all times mentioned in this complaint was, a resident of 2014 Armory Drive, Americus, Sumter, Georgia.

2. Defendant Olivia Roberts of The Krystal Company, is, and at all times mentioned in this complaint was, a corporation organized and existing under the laws of Georgia with its principal place of business located at 1605 North Slappey Boulevard, Albany, Dougherty, Georgia.

3. Defendant Steve Brown of The Krystal Company, is, and at all times mentioned in this complaint was, a corporation organized and existing under the laws of Georgia with its principal place of business located at 1605 North Slappey Boulevard, Albany, Dougherty, Georgia.

4. On April 20, April 21, April 23, April 24, April 25, April 26, April 27, April 28, April 29, April 30, May 2, May 3, May 4, May 8, May 9, May 10, May 11, May 12, May 13, May 14, May 15, May 16, May 17, May 19, May 23, May 24, May 25, May 27, May

30, May 31, June 3, June 4, June 6, June 7, June 8, June 10, June 12, June 13, June 14, June 15, June 16, June 17, June 18, June 19, June 28, July 2, July 5, July 6, July 7, July 8, July 9, July 12, July 13, July 14, July 15, July 16, July 19, July 20, July 21, July 23, July 24, July 25, and July 26 defendants Olivia Roberts and Steve Brown of The Krystal Company failed to follow The Fair Labor Standards Act of 1938, as amended 29 U.S.C. 201, *et seq.*
To provide for the establishment of fair labor standards in employments in and affecting interstate commerce, and for other purposes. Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled, that this Act may be cited as the "Fair Labor Standards Act of 1938."  Fair Labor Standards Act 207(a) 1-2, (a) (b) (c) which states, "§ 207. Maximum hours

**(a) Employees engaged in interstate commerce; additional applicability to employees pursuant to subsequent amendatory provisions**

> **(1)** Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.
>
> **(2)** No employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, and who in such workweek is brought within the purview of this subsection by the amendments made to this chapter by the Fair Labor Standards Amendments of 1966—
>
> > **(A)** for a workweek longer than forty-four hours during the first year from the effective date of the Fair Labor

Standards Amendment of 1966,
**(B)** for a workweek longer than forty-two hours during
the second year from such date, or
**(C)** for a workweek longer than forty hours after the
expiration of the second year from such date,
unless such employee receives compensation for his employment
in excess of the hours above specified at a rate not less than one
and one-half times the regular rate at which he is employed."

5. The defendants failed and refused to follow the Federal
guidelines of the Fair Labor Standards Act to save money and to
get a bonus as a reward of saving labor for The Krystal Company.

6. The defendants Olivia Roberts and Steve Brown of The Krystal
Company has failed to pay the plaintiff, Justin Laster, for all hours
worked on the dates mentioned above and still refuses to pay the
plaintiff as by the Fair Labor Standards Act.

7. The failure and refusal of the defendants to comply with the Fair
Labor Standards Act has damaged the plaintiff in the following
manner: loss of wages and overtime pay.

WHEREFORE, plaintiff requests judgment against defendants for:

1. Compensatory damages in the amount of $2,000,000;

2. Such other and further relief as the court may deem just and
proper.

Dated: October 5, 2010
Respectfully submitted,

Justin Laster

2014 Armory Drive

Americus, GA 31719

(229) 815-2296

(229) 924-0407